# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ERIC LONDELL BILLS,

     Petitioner,

     v.                              Case No. 21-CV-838-SCD

EARNELL R. LUCAS,[1]
Milwaukee County Sheriff,

     Respondent.

## REPORT AND RECOMMENDATION

     Eric Londell Bills is currently in custody at the Milwaukee County Jail awaiting trial on several murder charges. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks to be released from pretrial custody due to alleged ongoing violations of his constitutional rights. *See* ECF No. 1. Because it plainly appears that Bills is not entitled to relief in the district court, I will recommend that his petition be dismissed.

## BACKGROUND

     Bills was arrested and taken into custody on May 31, 2019. *See* ECF No. 1 at 4. On January 6, 2020, Bills demanded a speedy trial. *Id.* at 10. Since then, the state court has continued Bills' speedy-trial request several times and has denied Bills' requests to be released on bond. *See id.* at 2–3; *see also* https://wcca.wicourts.gov/case.html (search for Milwaukee

---

[1] "A § 2241 habeas petition must be 'directed to the person having custody of the person detained.'" *Cole v. Beck*, 765 F. App'x 137, 138 (7th Cir. 2019) (quoting 28 U.S.C. § 2243). Here, that person is Earnell R. Lucas, sheriff of Milwaukee County and the custodian of the Milwaukee County Jail, where Bills is confined. Accordingly, the clerk of court shall substitute Lucas as the named respondent in this action.

County case numbers 2016CF004607 and 2018CF000325) (last accessed July 23, 2021)[2]. At one point trial began in March 2021, but it was adjourned yet again because the court did not have enough jurors. *See* ECF No. 1 at 10; *see also* https://wcca.wicourts.gov/case.html (Case Numbers 2016CF004607 and 2018CF000325). Trial is now scheduled for September 13, 2021. ECF No. 1 at 3.

On July 12, 2021, Bills filed a habeas petition in federal court, raising three potential grounds for relief. First, he argues that the state courts have violated his right to a speedy trial because it has been over eighteen months since his speedy-trial demand and he still has not had his trial. *Id.* at 10. Second, he asserts that he has been denied his right to due process, as the trial court continues to rely on the coronavirus pandemic to extend every court date despite the slowing of the virus. *Id.* at 10. Bills also doubts whether he will in fact be tried in September 2021, as scheduled. *Id.* at 11. Third, Bills claims that his ongoing detention without bail amounts to cruel and unusual punishment. *Id.* He believes that he should have been released on a personal recognizance bond—that is, without having to pay any bail money—or that his bail should have been lowered to a "reasonable" figure. *Id.* As to relief for these alleged violations, Bills requests that he be released on a PR bond or that the state charges be dismissed. *Id.* at 12.

The clerk of court randomly assigned the matter to me. Bills has paid the $5.00 filing fee. The respondent has not yet appeared in this action.

---

[2] A court may take judicial notice of public records available on government websites. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).

2

## ANALYSIS

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, as well as Civil Local Rule 9(a)(2) (E.D. Wis.), the Rules Governing Section 2254 Cases in the United States District Courts also apply to applications for a writ of habeas corpus under § 2241. Rule 4 of the Rules Governing Section 2254 requires district courts to promptly examine a habeas petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition must be dismissed.

Applying this standard, I conclude that Bills' petition should be dismissed. "[F]ederal courts must abstain from interfering with state court criminal proceedings involving important state interests as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." *Cole*, 765 F. App'x at 139 (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Younger v. Harris*, 401 U.S. 37, 53–54 (1971)). "The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims." *Shaffer v. Sheriff*, No. 1:21-CV-130-HAB-SLC, 2021 WL 1821640, 2021 U.S. Dist. LEXIS 64843, at *2 (N.D. Ind. Apr. 2, 2021) (citing *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010)). Consequently, under *Younger*, I must abstain from deciding Bills' due-process and cruel-and-unusual-punishment claims.

Moreover, while "[a] well-founded claim that a petitioner's right to a speedy trial has been violated can be an exceptional circumstance," *Cole*, 765 F. App'x at 138, a pretrial detainee pursuing a speedy-trial claim via § 2241 must still exhaust his state-court remedies before seeking federal relief, *see; Shaffer*, 2021 U.S. Dist. LEXIS 64843, at *3; *see also Smock v. Madigan*, No. 21-cv-346-DWD, 2021 WL 2401340, 2021 U.S. Dist. LEXIS 109638, at *4 (S.D.

Ill. June 11, 2021); *Bradley v. Fuchs*, No. 21-cv-49-jdp, 2021 WL 1946408, 2021 U.S. Dist. LEXIS 80317, at *3 (W.D. Wis. Apr. 27, 2021). A federal habeas petitioner exhausts his state-court remedies when he asserts his claim "throughout at least one complete round of state-court review." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014) (citing *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013)). This means he "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Richardson*, 745 F.3d at 268 (citing *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004)).

Bills has not exhausted his state-court remedies with respect to his speedy-trial claim. He has filed a speedy-trial demand, objected to his trial being adjourned, and sought a reduction in bail. *See also* https://wcca.wicourts.gov/case.html (Case Numbers 2016CF004607 and 2018CF000325). However, it does not appear that he has not sought any further relief related to these issues. *See id.* The state-court docket shows that a motion to dismiss was filed in May 2021, but it doesn't describe the basis for that motion. *See id.* Even if the motion is premised on the alleged speedy-trial violation, that would not help Bills here because the motion has not yet been decided by the circuit court. Moreover, assuming the court denies the motion, Bill could still challenge that denial prior to trial under Wis. Stat. § 808.03(2). *See Bradley*, 2021 U.S. Dist. LEXIS 80317, at *3; *see also State v. Lemay*, 455 N.W.2d 233, 233 (Wis. 1990) (applying § 808.03(2) to review circuit court's denial of motion to dismiss based on right to speedy trial). Because Bills has not exhausted his speedy-trial claim in state court, I cannot review the merits of that claim here.

In addition, even if the claim were exhausted, the relief Bills seeks would not be available. *Gunn v. Lucas,* No. 20-CV-1623, 2020 WL 7231058, at *2 (E.D. Wis. Dec. 8, 2020)

("speedy trial claims are limited to those where the petitioner is trying to force a trial, not the dismissal of a state criminal trial as untimely.") Here, Bills asks to be released or to have his case dismissed with or without prejudice. Because that relief is unavailable in this forum, his petition should be dismissed for that reason as well. *Hirsch v. Smitley,* 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) ("Hirsch does not ask the Court to force a trial in state court in order to protect his constitutional right to a speedy trial. Rather, he asks the Court to dismiss the state criminal case outright on speedy trial grounds, something the Court does not have the power to do.")

## CONCLUSION

Accordingly, I **RECOMMEND** that Bills' petition, ECF No. 1, be **DISMISSED**; that this action be **DISMISSED**; and that a certificate of appealability be **DENIED**. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority"). The clerk of court is directed to randomly assign this case to a district judge for consideration of this recommendation.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated this 28th day of July, 2021.

STEPHEN C. DRIES
United States Magistrate Judge

6